BRUCE J. GITLIN, P.C.
2095 BROADWAY, SUITE 407
NEW YORK, NY 10023
(212) 514-5437
ATTORNEY FOR THE PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X
SUSANNA PAULAY and THOMAS           :
PAULAY,                                              :
                                                               :
                **Plaintiffs,**       :
    v.                                                 : **CIVIL ACTION NO.:**
                                                               :
WSNCHS NORTH, INC., d/b/a ST.       :
JOSEPH HOSPITAL, A MEMBER OF   : **COMPLAINT AND JURY DEMAND**
CATHOLIC HEALTH SERVICES OF     :
LONG ISLAND,                                   :
                                                               :
                **Defendant.**       :
---------------------------------------------------X

     Plaintiffs, Susanna Paulay and Thomas Paulay, residing at 3056 Quayside Court, Unit 106 Melbourne, Florida, respectively, file this Complaint and would respectfully show the Court as follows:

## NATURE OF CASE

     1. This action is brought by plaintiffs, Susanna Paulay and Thomas Paulay, against defendant, in its failure to provide effective communication and reasonable accommodations for plaintiffs' disability and for discrimination based on disability during plaintiff Susanna Paulay's care while in defendant's facilities. Plaintiffs experienced humiliation and discrimination in violation of their civil rights through defendant's policies and practices of discrimination on the basis of disability.

2. This action claims that defendant violated the New York State Human Rights Law, N.Y. Exec. Law § 292, hereafter NYSHRL, and § 504 of the Rehabilitation Act. In this action, plaintiffs suffered damages and now seek compensatory and punitive damages.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to §§ 504 and 505 of the Rehabilitation Act, inasmuch as federal questions are at issue, and also has pendent jurisdiction over this matter based on the nonfederal claims.

4. This Court has personal jurisdiction over defendant because defendant resides in this district and because acts and omissions of defendant giving rise to this action occurred in this district.

## PARTIES

5. Susanna Paulay was a resident of Suffolk County, in the State of New York at the time the incident occurred. Susanna Paulay is profoundly deaf and communicates through American Sign Language. She required a qualified American Sign Language interpreter, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with defendant and to benefit from defendant's services. Susanna Paulay is also a qualified person with a disability pursuant to § 504 and the NYSHRL.

6. Thomas Paulay was a resident of Suffolk County, in the State of New York at the time the incident occurred. Thomas Paulay is profoundly deaf and communicates through American Sign Language. He required a qualified American Sign Language interpreter, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with defendant. Thomas Paulay is also a qualified person with a disability pursuant to § 504 and

the NYSHRL.

7. Defendant, WSNCHS NORTH, INC., d/b/a St. Joseph Hospital, a member of Catholic Health Services of Long Island, is located at 4295 Hempstead Turnpike, Bethpage, in the State of New York.

8. Defendant is a domestic Not-for-profit corporation incorporated under the laws of the State of New York, and is located in Nassau County under the jurisdiction of New York.

9. The defendant is a public entity and is a recipient of federal financial assistance. Thus, it is subject to the requirements of § 504 of the Rehabilitation Act of 1973.

## FACTS

10. The New York State Human Rights Law specifically prohibits discrimination based upon disability under N.Y. Exec. Law §292.

11. §504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

12. Moreover, under federal discrimination law, a public accommodation must provide "effective communication to companions who are individuals with disabilities." 28 C.F.R. § 36.303. Public entities also "shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 28 C.F.R. § 35.130.

13. Defendant provides public accommodations within the meaning of N.Y. Exec. Law §292 and §504 of the Rehabilitation Act of 1973.

14. As relevant to the present action, discrimination includes a failure to provide

appropriate and reasonable auxiliary aids to plaintiffs who have a hearing loss to ensure effective communication. 28 C.F.R. § 36.303(c).

15. Among these aids includes a failure to provide interpreters to plaintiffs for the care of plaintiff Susanna Paulay. These aids were requested and never utilized by defendant during plaintiff's medical treatment that commenced on December 4th, 2012 when she was treated in the hospital for planned surgery that day.

16. On December 4, 2012 plaintiff Susanna Paulay went to the defendant's hospital. Plaintiff Thomas Paulay, Susanna Paulay's former husband, accompanied her. Plaintiff Susanna Paulay had requested, at a previous pre-surgical consult on November 27th, 2012, that a sign language interpreter be provided while she was at the hospital for surgery on December 4, 2012. However, a sign language interpreter was never provided on December 4th, 2012. Thomas Paulay and Susanna Paulay made additional requests to hospital staff on December 4th that a live interpreter be provided for her, but no interpreter was provided.

17. Instead, in the morning, just before the surgery, the staff of the defendant wrote notes to Susanna Paulay, rather than providing an interpreter.

18. Further, following the surgery, the staff attempted to operate a video system that apparently was intended to provide an interpreter on line, known as DeafTalk.

19. DeafTalk did not work and no interpreter was provided after surgery.

20. The hospital staff was unable to communicate with plaintiffs and the plaintiffs were unable to communicate with the hospital staff, as the hospital staff failed to provide a qualified interpreter on December 4th, 2012 while at defendant's facilities, despite requests for interpreters. Without a qualified interpreter being provided to plaintiff Susanna Paulay and Thomas Paulay,

they were unable to communicate effectively during critical aspects of Susanna Paulay's treatment. The hospital's basic care was inadequate, as communication barriers led to the patient feeling frustrated, scared, and upset multiple times throughout her treatment. Neither Susanna Paulay, nor her companion and former husband, Thomas Paulay, had a complete understanding of what took place during Susanna Paulay's hospital stay, as they were unable to participate in and ask questions about her medical treatment, diagnosis, prognosis, and discharge plans as defendant hospital failed to provide any effective accommodation for their disability.

21. All requests by plaintiffs Susanna Paulay and Thomas Pauley for a sign language interpreter so that plaintiffs could effectively communicate were not satisfied.

22. Plaintiff Susanna Paulay was ignored and humiliated by defendant. Defendant's actions resulted in plaintiff Susanna Paulay being irretrievably denied the complete understanding of the care received while at the hospital's facilities. Instead, plaintiffs experienced shame, anxiety, frustration, emotional distress, fear and discrimination.

23. Plaintiff Thomas Paulay, who was Susanna Paulay's companion while in defendant's facilities, also experienced shame, anxiety, frustration, emotional distress, fear and discrimination in being denied understanding of Susanna Paulay's care and medical condition.

24. Each and all of the above acts, both of omission and commission, were acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiffs.

25. Defendant's willful, knowing, and repeated acts of intentional discrimination against plaintiffs are evidence of a pattern and practice of discrimination that is in violation of the NYSHRL, N.Y. Exec. Law §292 and the Rehabilitation Act and caused plaintiffs to suffer and continue to suffer mental pain and anguish.

## CLAIMS

### FIRST COUNT
### DEFENDANT VIOLATED SECTION 504 OF THE REHABILITATION ACT OF 1973

26. Plaintiffs re-allege and incorporate by reference the allegations of fact contained in the previous paragraphs.

27. Plaintiff Susanna Paulay is deaf and her disability substantially limits her major life activities, including her ability to effectively communicate with others who do not know sign language. Therefore, plaintiff Susanna Paulay is considered to be an individual with disabilities under § 504, as amended, 29 U.S.C. §706(8). Plaintiff is otherwise qualified under § 504 because she meets the essential eligibility requirements for defendant's services at all times material hereto. Defendant is also a recipient of federal financial assistance. Defendant failed to provide effective communication to plaintiff.

28. Plaintiff Thomas Paulay has standing to assert a claim against defendant for discrimination under § 504, as amended, 29 U.S.C. §706(8), because he is deaf and his disability substantially limits his major life activities, including his ability to effectively communicate with others who do not know sign language. Thomas Paulay was also entitled to effective communication due to his role as Thomas Paulay's companion while in defendant's facilities. Further, defendant's refusal to provide effective communication to Thomas Paulay was discriminatory based on Thomas Paulay's known association with Susanna Paulay, whom defendant knew to be disabled.

29. Defendant's policies, practices and procedures, particularly the actions and omissions described above, violated plaintiffs' rights under § 504 by discriminating on the basis of disability.

30. Additionally, defendant also denied plaintiffs services that it made available to non-disabled patients and non-disabled companions and associates.

31. Defendant violated plaintiffs' rights through repeated refusals to reasonably accommodate plaintiffs with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

32. Both plaintiffs suffered severe emotional distress and damages in the past, and continue to suffer distress and damages due to defendant's violations of § 504.

## SECOND COUNT
## DEFENDANT VIOLATED THE NEW YORK STATE HUMAN RIGHTS LAW, N.Y. EXEC. LAW § 292

33. Plaintiffs re-allege and incorporate by reference the allegations of fact contained in the previous paragraphs.

34. Defendant's conduct is in violation of NYSHRL, N.Y. Exec. Law §292.

35. Plaintiff Susanna Paulay has a "disability" as defined by NYSHRL §292 (21) in that she is deaf.

36. Plaintiff Thomas Paulay has a "disability" as defined by NYSHRL §292 (21) in that he is deaf, and also has a known "relationship or association" in that he accompanied Susanna Paulay while in defendant's facilities and made requests for an interpreter on his behalf.

37. Plaintiff Thomas Paulay is a companion of Susan Paulay's and, as such, was entitled to reasonable accommodations to provide effective communication at defendant hospital.

38. The defendant, St. Joseph Hospital, is a place of "public accommodation" within the meaning of NYSHRL §292 (9).

39. Defendant discriminated against plaintiffs based on plaintiffs' disability by directly

refusing, withholding and denying from them any accommodations, advantages, facilities, and privileges of the Hospital, under NYSHRL §296 (2).

40. Defendant participated in discriminatory practices by refusing to make reasonable modifications in policies, practices or procedures when such modifications were necessary to afford facilities, privileges, advantages or accommodations to plaintiffs under NYSHRL §296 (2)(c)(i). Defendant refused to take necessary steps to ensure that plaintiffs would not be excluded or denied services because of the absence of auxiliary aids and sign language interpreter services, and thus is in violation of NYSHRL §296 (2)(c)(ii).

41. Defendant discriminated against plaintiffs based on plaintiffs' disability and failed to make accommodation for their disability under NYSHRL §296 (2) (a).

42. Plaintiff Thomas Paulay suffered physical pain and both plaintiffs suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to defendant's violations of NYSHRL.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully pray that this Court grant the following relief against defendant for the following:

43. Award compensatory and punitive damages;

44. Award reasonable costs and attorneys' fees; and

45. Award any and all other relief that may be necessary and appropriate.

## **JURY DEMAND**

46. Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated:  December 2, 2015
       New York, New York

                                    Respectfully submitted,

                                    /s/  Bruce J.Gitlin
                                  Bruce J. Gitlin, P.C.

                                  2095 Broadway
                                  Suite 407
                                  New York, NY 10023
                                  (212) 514-5437


                                  Attorney for Plaintiffs
                                  Susanna Paulay
                                  Thomas Paulay

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
SUSANNA PAULAY and THOMAS PAULAY,                    :

               Plaintiffs,                               :

     **v.**                                              
WSNCHS NORTH, INC., d/b/a ST. JOSEPH HOSPITAL,       :
A MEMBER OF CATHOLIC HEALTH SERVICES OF
LONG ISLAND,                                         :

               Defendant.                              :

------------------------------------------------------------------------
                                                  X

_____

## COMPLAINT
_____

BRUCE J. GITLIN, P.C.
Attorney for Plaintiffs
Susanna Paulay
Thomas Paulay
2095 Broadway
Suite 407
New York, NY 10023
(212) 514-5437

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

)
)
)
)
*Plaintiff(s)* )
v.  )  Civil Action No.
)
)
)
)
*Defendant(s)* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: